# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JIMMY STANFORD, ON HIS OWN**
**BEHALF AND OTHERS SIMILARLY**
**SITUATED,**

           **Plaintiffs,**

**-vs-**                                                      **Case No.  6:07-cv-946-Orl-28KRS**

**FABRIC CLEAN, INC., ALIE BROTHERS,**
**INC., RAYMAN ALIE,**

           **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL AND STIPULATION FOR DISMISSAL WITH PREJUDICE (Doc. No. 20)**
>
> **FILED:**       **December 17, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought by Plaintiff Jimmy Stanford under the Fair Labor Standards Act (FLSA), as a collective action. 29 U.S.C. § 201, *et seq.* Doc. No. 1. No other persons have joined as plaintiffs.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or

compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In the joint motion for approval of the settlement agreement, doc. no. 20, and the settlement agreement submitted by the parties, doc. no. 19, the parties provide a summary of settlement negotiations and describe the factors which caused the plaintiff to lower his initial demand. The parties explain that, when filing answers to the Court's interrogatories, Stanford estimated that he had worked 50 hours a week for 34 weeks, for which he did not receive an overtime premium of $7.50 per hour. Based on his estimations, he claimed he was owed $2,625.00[1] in unpaid overtime compensation. Doc. No. 20 at 1-2.

Defendants Fabric Clean, Inc., Alie Brothers, Inc., and Rayman Alie filed a verified summary of all hours worked by Stanford, which contested the hours allegedly worked by Stanford. *Id.* at 2, 4-5. Based on the defendants' verified summary, Stanford has reduced his demand and will receive $2,000.00 as a settlement payment for unpaid overtime compensation. *Id.* at 5. In reviewing the settlement negotiations, I find that the settlement is a reasonable compromise of disputed issues and not a waiver of the plaintiff's statutory rights. The proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, I respectfully recommend that the Court approve the settlement agreement as to Stanford only, dismiss the collective action allegations in the complaint, and dismiss the case with

---

[1] While Stanford suggests that he was owned $2,625.00 in unpaid overtime compensation, based on the information provided, he was entitled to $2,550.00 in compensation. The amount of overtime compensation due to Stanford is calculated as follows: Overtime hours per week (10) multiplied by number of weeks (34) multiplied by the overtime premium ($7.50).

prejudice, pursuant to the agreement of the parties. I further recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 19, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy